1 | MICHAEL J. SULLIVAN (SBN 264695)
2 | LAW OFFICE OF MICHAEL J. SULLIVAN
3 | 111 N. Market St., Suite 300
4 | San Jose, CA 95113
  | Telephone: (408) 628-8882
  | Facsimile: (408) 625-1148
  | E-mail: msullivan@mikesullivanlaw.com

Attorney for Plaintiff
FOUNTAIN, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNTAIN, INC., a California corporation, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 9,077,877** |
| vs. | |
| SCUBA.COM, INC., a California corporation, | |
| Defendant. | |

Plaintiff Fountain, Inc., by its attorney, for its Complaint, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

2. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

3. Personal jurisdiction over the Defendant is proper in this judicial district because, on information and belief, the Defendant has committed numerous acts of infringement in this

judicial district.

## PARTIES

4. Plaintiff Fountain, Inc. is a California corporation with its principal place of business at 6145 Shoup Avenue, #58, Woodland Hills, California 91367.

5. On information and belief, Defendant Scuba.com, Inc. ("Scuba.com") is a California corporation with its principal place of business at 1752 Langley Avenue, Irvine, California 92614.

## BACKGROUND

6. On July 10, 2013, inventor Thomas Lee Fountain filed U.S. Patent Application No. 13/987,215 entitled "Active Headwear for Detachably Mounting an Imaging Device" ("the '215 application"). The '215 application was subsequently published by the U.S. Patent and Trademark Office on January 30, 2014 as U.S. Patent Application Publication No. 2014/0027591 ("the '591 published application"). A copy of the '591 published application is attached as Plaintiff's Exhibit 1.

7. On June 2, 2014, a copy of the '591 published application was sent to the attention of Melinda Herndon ("Ms. Herndon") at Scuba.com along with a letter inviting Scuba.com to license the invention in the '591 published application. The U.S. Postal Service ("USPS") delivered this letter on June 4, 2014 via Priority Mail Express 2-Day service. On information and belief, Ms. Herndon and Scuba.com had actual notice of the '591 published application from at least June 4, 2014 through their receipt of this letter. A copy of the June 2, 2014 invitation to license letter, signed return receipt from the letter's delivery, and USPS tracking history for the letter is attached as Plaintiff's Exhibit 2.

8. On information and belief, Scuba.com offers to sell and sells the (i) Ocean Quest Arctic Clear High Definition Purge Mask for GoPro Hero Cameras, which mask is sold in a variety of colors and with a variety of accessories, (ii) the Pro Mount GoPro Two Window Mask, and (iii) the Pro Mount GoPro Tear Drop Mask (the foregoing masks collectively referred to hereafter as the "Accused Devices") on a website owned by it located at

COMPLAINT FOR PATENT
INFRINGEMENT

2

1  www.scuba.com. On information and belief, Scuba.com has sold the Accused Devices from at
2  least June 4, 2014 to the present. On information and belief, Scuba.com manufactures and/or
3  imports into the United States one or more of the Accused Devices.

4      9.    Each Accused Device is described by one or more claims of the '877 patent.
5  Therefore, any unauthorized making, use, offering to sell, and selling within the United States,
6  and importation into the United States, of each Accused Device is an infringement of the '877
7  patent.

8      10.    On information and belief, Scuba.com manages and controls the products that
9  can be offered for sale and sold through its website. On information and belief, Scuba.com has
10 the ability to swiftly remove any product listing from its website and cease sales of such
11 product, including for products that cannot lawfully be sold in the United States.

12     11.    On July 7, 2015 (the "Issue Date"), U.S. Patent No. 9,077,877 ("the '877
13 patent") entitled "Active Headwear for Detachably Mounting an Imaging Device" was duly
14 and legally issued to named inventor Thomas Lee Fountain, with an assignment recorded to
15 Fountain, Inc., which still owns the rights, title, and interest to the '877 patent. A copy of the
16 '877 patent is attached as Plaintiff's Exhibit 3. The invention claimed in the '877 patent is
17 substantially identical to the invention claimed in the '591 published application.

18     12.    Fountain, Inc. has manufactured and sold, and continues to manufacture and sell,
19 the Octomask, a product line of diving masks designed to be attached to a camera, such as a
20 GoPro, using the technology claimed in the '877 patent.

21     13.    Plaintiff and Defendant engaged in correspondence relating to the '877 patent
22 during August and September 2015. Defendant has had actual knowledge of the '877 patent
23 since at least August 26, 2015, which is the date of Defendant's first reply to Plaintiff's
24 correspondence with it regarding the '877 patent.

25 **CLAIM FOR RELIEF OF INFRINGEMENT**

26     14.    On information and belief, Scuba.com has made, used, sold, offered to sell
27 and/or imported into the United States the Accused Devices from at least June 4, 2014 despite
28

actual notice of the '591 published application. Each of the Accused Devices falls within the scope of one or more claims of the '877 patent. On information and belief, the Accused Devices are and have been sold to distributors, retailers and/or customers who resell and/or use the Accused Devices throughout the United States, including in the State of California, including in this judicial district.

15. Scuba.com's acts prior to the Issue Date in making, using, offering to sell, selling and/or importing into the United States, within the State of California and elsewhere in the United States, the Accused Devices without any resulting payments to Fountain, Inc. are in violation of Fountain, Inc.'s rights under the '877 patent to receive a reasonable royalty pursuant to 35 U.S.C. § 154(d).

16. Scuba.com's acts on and after the Issue Date in making, using, offering to sell, selling, and/or importing into the United States, within the State of California and elsewhere in the United States, the Accused Devices infringe, induce others to infringe, and/or contributorily infringe the claims of the '877 patent under 35 U.S.C. § 271 without authority to do so.

17. On information and belief, Scuba.com's infringement of the '877 patent has been willful, deliberate and in conscious disregard of Fountain, Inc.'s rights. By making, using, offering to sell, selling and/or importing into the United States the Accused Devices, Scuba.com knew or should have known that Fountain, Inc. had patent rights infringed by the Accused Devices.

18. Fountain, Inc. has suffered damages, including loss of sales and profits, as a result of Scuba.com's infringing activities.

19. As a result of Scuba.com's infringing activities, Fountain, Inc. has suffered and will continue to suffer irreparable injury, unless Scuba.com is permanently enjoined by this Court.

20. This case is exceptional and, therefore, Fountain, Inc. is entitled to an award of its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d).

**DEMAND FOR JUDGMENT**

**WHEREFORE,** Fountain, Inc. requests the following relief:

1. A judgment that Scuba.com's making, using, offering to sell, selling, and/or importing into the United States, within the State of California and elsewhere in the United States, the Accused Devices infringes, actively induces others to infringe, and/or contributorily infringes the '877 patent;

2. A judgment permanently enjoining Scuba.com's infringing activities pursuant to 35 U.S.C. § 283;

3. A judgment awarding Fountain, Inc. the damages to which it is entitled for Scuba.com's willful acts of infringement complained of herein, including a reasonable royalty pursuant to 35 U.S.C. § 154(d) for acts of infringement prior to the Issue Date, an award of damages and trebling of that award pursuant to 35 U.S.C. § 284 for acts of infringement on and after the Issue Date, together with pre-judgment and post-judgment interest;

4. A judgment declaring that this case is exceptional and awarding Fountain, Inc. its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d); and

5. Such other further relief as the Court deems just and proper.

|   |   |
|---|---|
|   | Respectfully submitted, |
| DATED: December 7, 2015 | /s/Michael J. Sullivan |
|   | Michael J. Sullivan |
|   | (SBN 264695) |
|   | LAW OFFICE OF MICHAEL J. SULLIVAN |
|   | 111 N. Market St., Suite 300 |
|   | San Jose, CA 95113 |
|   | Telephone: (408) 628-8882 |
|   | Facsimile: (408) 625-1148 |
|   | E-mail: msullivan@mikesullivanlaw.com |
|   |   |
|   | Attorney for Plaintiff |
|   | FOUNTAIN, INC. |

COMPLAINT FOR PATENT INFRINGEMENT